[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

Nos. 13-14041; 13-15639
Non-Argument Calendar

————————————————

Agency No. A074-169-665


MILOSLAVA BUTALOVA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


————————————————

Petitions for Review of a Decision of the
Board of Immigration Appeals

————————————————

(October 7, 2014)

Before HULL, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Miloslava Butalova petitions for review of decisions by the Board of

Immigration Appeals ("BIA"), denying her motion to reopen her removal

proceedings and her motion for reconsideration. We dismiss the petitions for lack of jurisdiction.

## I. BACKGROUND

Butalova, a native and citizen of Slovakia, entered the United States on July 22, 1995, as a nonimmigrant visitor with authorization to remain in the United States until January 21, 1996. Butalova stayed beyond the time permitted. On February 12, 1997, the former Immigration and Naturalization Service ("INS") issued an Order to Show Cause, stating Butalova was removable under the Immigration and Nationality Act ("INA") § 241(a)(1)(B), 8 U.S.C. § 1231(a)(1)(B). Butalova failed to appear at the scheduled hearing; on October 14, 1997, an immigration judge ("IJ") found her removable in absentia.

Over ten years later, on September 28, 2009, Butalova moved to reopen the in absentia decision, because of a lack of notice and for the purpose of seeking an adjustment of status. An IJ denied the motion on October 21, 2009. Butalova appealed; the BIA dismissed the appeal on February 26, 2010.

On July 1, 2013, Butalova filed a second motion to reopen her removal proceedings and argued she had filed a self-petition for an adjustment to her immigrant status under the Violence Against Women Act of 1994 ("VAWA"), Pub. L. No. 103-322, § 40701(a), 108 Stat. 1953-54 (codified as amended at 8 U.S.C. § 1154(a)(1)(A)(iii)). She asserted she was entitled to relief as a battered

2

spouse, because her United States-citizen husband had emotionally, physically, and sexually abused her throughout their marriage.

On August 8, 2013, the BIA denied Butalova's motion to reopen and held she had failed to establish a prima facie showing she "was battered by or was the subject of extreme cruelty by her spouse," pursuant to the pertinent regulations. Administrative R. at 28. The BIA further noted Butalova's self-petition for adjustment of status remained pending with the United States Citizenship and Immigration Services ("USCIS") and could be pursued independently of her removal proceedings. The BIA further declined to reopen removal proceedings pursuant to its sua sponte authority.

On September 6, 2013, Butalova moved for reconsideration of the BIA's August 8, 2013, decision. She contended reconsideration was warranted, because she had made a prima facie showing she was battered, or was the subject of extreme cruelty, by her United States-citizen spouse. She also argued the USCIS, after considering her evidence, recently found she had established a prima facie case for classification under the self-petitioning provisions of the VAWA. Because the USCIS determined she had established "battery or extreme cruelty" under 8 C.F.R. § 204.2(c)(1), (e)(1), she maintained the BIA had erred by determining her marriage merely had been deteriorating.

3

On November 15, 2013, the BIA denied her motion for reconsideration. It determined Butalova had failed to identify any error of fact or law in its August 8, 2013, decision that would warrant reconsideration. The BIA maintained Butalova had failed to make a prima facie showing that she was battered or was the subject of extreme cruelty by her spouse.

The BIA also treated Butalova's motion to reconsider as a motion to reopen her removal proceedings, because she had submitted a recently obtained notice from the USCIS to demonstrate a prima facie case of eligibility for relief. The BIA determined the USCIS notice showed Butalova's self-petition was still pending but did not establish a finding of prima facie eligibility for approval of the I-360 self-petition. Therefore, the BIA denied the motion to reopen. Butalova now petitions for our review of the BIA's August 8, 2013, decision denying her motion to reopen and its November 15, 2013, decision denying her motion to reconsider and to reopen.

## II. DISCUSSION

The government argues INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), deprives us of jurisdiction to review these decisions. It contends the question of whether a petitioner was battered or suffered extreme cruelty by a spouse is discretionary and not subject to judicial review. Butalova has not replied to this argument.

4

We review de novo whether we have subject-matter jurisdiction to consider a petition for review. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). Generally, we have jurisdiction to review the denial of a motion to reopen, because the agency's discretion in denying the motion derives solely from regulations, not statutes. *Kucana v. Holder*, 558 U.S. 233, 247-53, 130 S. Ct. 827, 837-40 (2010) (holding actions on motions to reopen, though made discretionary by the Attorney General through regulations, remain subject to judicial review); *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 n.2 (11th Cir. 2006) (per curiam). We review the denial of a motion to reopen for abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). The BIA may deny a motion to reopen, if the alien fails to establish a prima facie case. *Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001).

Under the VAWA, an alien may file a petition with the Attorney General for adjustment of immigrant status, if the alien demonstrates her marriage to a United States citizen was in good faith, and the alien "has been battered or has been the subject of extreme cruelty perpetuated by the alien's spouse" during the marriage. 8 U.S.C. § 1154(a)(1)(A)(iii). Under 8 C.F.R. § 204.2(c)(1)(vi):

> [T]he phrase "was battered by or was the subject of extreme cruelty" includes, but is not limited to, being the victim of any act or threatened act of violence, including any forceful detention, which results or threatens to result in physical or mental injury. Psychological or sexual abuse or exploitation, including rape, molestation, incest (if the victim is a minor), or forced prostitution

5

shall be considered acts of violence.  Other abusive actions may also be acts of violence under certain circumstances, including acts that, in and of themselves, may not initially appear violent but that are a part of an overall pattern of violence.

8 C.F.R. § 204.2(c)(1)(vi).  When acting on petitions filed under 8 U.S.C. § 1154(a)(1)(A)(iii), "the Attorney General shall consider any credible evidence relevant to the petition [and the] determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Attorney General."  8 U.S.C. § 1154(a)(1)(J).  An alien subject to deportation may file a motion to reopen removal proceedings, if the basis for her motion is to apply for relief under § 1154(a)(1)(A) as a battered spouse.  8 U.S.C. § 1229a(c)(7)(C)(iv)(I).

We lack jurisdiction to review any BIA decision the INA makes discretionary.  INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii); *see Kucana*, 558 U.S. at 247, 130 S. Ct. at 836-37 (recognizing the jurisdiction-stripping provisions of the INA bar "review of discretionary decisions only when Congress itself set out the Attorney General's discretionary authority in the statute").  When we lack jurisdiction to consider an attack on a final order of removal, we also lack jurisdiction to consider an attack by means of a motion to reopen.  *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1262 (11th Cir. 2003).

Notwithstanding the jurisdiction-stripping provisions of INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii), we retain jurisdiction to review

6

constitutional challenges and questions of law.  INA § 242(a)(2)(D), 8 U.S.C.

§ 1252(a)(2)(D).  An alien, however, does not have a constitutionally protected

interest in discretionary forms of relief, such as granting a motion to reopen.

*Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008).  In addition, an

argument that the BIA abused its discretion by failing to weigh an alien's factual

scenario presents a "garden-variety abuse of discretion argument—which can be

made by virtually *every* alien subject to a final removal order—[and] does not

amount to a legal question under § 1252(a)(2)(D)."  *Alvarez Acosta v. U.S. Att'y*

*Gen.*, 524 F.3d 1191, 1196-97 (11th Cir. 2008).

We have not addressed whether we have jurisdiction to review the BIA's

decision on a motion to reopen, which asserts for the first time the petitioner "has

been battered or has been the subject of extreme cruelty" by the petitioner's spouse

under 8 U.S.C. § 1154(a)(1)(A)(iii).  We have held, however, we lack jurisdiction

to review the BIA's denial of a motion to reopen asserting for the first time the

petitioner was a battered spouse or subjected to extreme cruelty under a separate

statute, 8 U.S.C. § 1229b(b)(2), cancellation of removal.  *Guzman-Munoz v. U.S.*

*Att'y Gen.*, 733 F.3d 1311, 1314 (11th Cir. 2013).

In *Guzman-Munoz*, the petitioner, Marina Guzman-Munoz, originally sought

relief under the Cuban Refugee Adjustment Act of 1966, Pub. L. No. 89-732, 80

Stat. 1161 (1966) (codified as amended at 8 U.S.C. § 1255 note), based on her

marriage to a Cuban national, who was a lawful permanent resident. *Id.* at 1312. The IJ determined her marriage was a sham and ordered her deported to Peru. *Id.* The BIA affirmed. *Id.* Thereafter, Guzman-Munoz filed a motion to reopen removal proceedings with the BIA and argued for the first time she was eligible for a special cancellation of removal and adjustment of status as a battered spouse, pursuant to the VAWA and 8 U.S.C. § 1229b(b)(2). *Id.* Under § 1229b(b)(2), the Attorney General may cancel removal of an alien if the alien demonstrates she "has been battered or subjected to extreme cruelty" by her United States-citizen spouse. 8 U.S.C. § 1229b(b)(2). The BIA denied the motion to reopen and found Guzman-Munoz had failed to establish a prima facie case she was a battered spouse or subjected to extreme cruelty under the VAWA. *Guzman-Munoz*, 733 F.3d at 1313.

Guzman-Munoz filed a petition for review of the denial of her motion to reopen, but we held we lacked jurisdiction to review the BIA's determination she was not a battered spouse. *Id.* Relying on our earlier decision in *Bedoya-Melendez v. U.S. Attorney General*, 680 F.3d 1321, 1328 (11th Cir. 2012), we decided the BIA's "battered-spouse determination" under § 1229b(b)(2) was a discretionary decision not subject to review under INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i). *Guzman-Munoz*, 733 F.3d at 1313.

Although we had "only applied § 1252(a)(2)(B)(i)'s jurisdiction-stripping provisions for battered-spouse determinations in [the context of petitions for

8

cancellation of removal under § 1229b(b)(2)], the logical—indeed, inevitable—result is to extend it to our review of a denial of a motion to reopen after a petitioner has failed to establish a prima facie case under § 1229b." *Id.* "To hold otherwise would create an end-run around our holding in *Bedoya-Melendez*, because petitioners would be able to obtain appellate-court jurisdiction simply by raising § 1229b arguments on motions to reopen." *Id.*

In view of *Guzman-Munoz*, we lack jurisdiction to consider the denial of a motion to reopen asserting relief raised for the first time, when the BIA's resolution of the motion to reopen requires a discretionary determination pertaining to the new relief, distinct from the BIA's general discretion to deny a motion to reopen. To resolve the jurisdictional issue in this case, we must decide whether the BIA's determination that Butalova was not battered or subject to extreme cruelty by her United States-citizen spouse under 8 U.S.C. § 1154(a)(1)(A)(iii) was a discretionary decision not subject to review under INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii).

We conclude the BIA's determination Butalova had not established a prima facie showing she "was battered by or was the subject of extreme cruelty" by her spouse, pursuant to 8 U.S.C. § 1154(a)(1)(A)(iii) and 8 C.F.R. § 204.2(c)(1)(vi), was a discretionary decision. When acting on self-petitions filed under § 1154(a)(1)(A)(iii), the statute states "determination of what evidence is credible

and the weight to be given that evidence *shall be within the sole discretion of the Attorney General.*"  8 U.S.C. § 1154(a)(1)(J) (emphasis added); *see Kucana*, 558 U.S. at 247, 130 S. Ct. at 836-37 (noting the jurisdiction-stripping provisions of the INA bar "review of discretionary decisions only when Congress itself set out the Attorney General's discretionary authority in the statute").  Moreover, 8 U.S.C. §§ 1992b(b)(2) and 1154(a)(1)(A)(iii) contain nearly identical language, and § 1992b(b)(2) does not establish an objective legal standard on which a court may base its review.

In *Bedoya-Melendez*, we held the BIA's battered-spouse determination under 8 U.S.C. § 1229b(b)(2) was discretionary, because "battered" and "subjected to extreme cruelty" were not self-explanatory and reasonable minds could differ as to their meanings.  *Bedoya-Melendez*, 680 F.3d at 1325.  We also rejected the contention that 8 C.F.R. § 204.2(c)(1)(vi), which was promulgated under 8 U.S.C. § 1154, the statute at issue in this case, created an objective legal standard on which a court could review a battered-spouse determination.  *Id.* at 1327-28.  Instead, we held the regulation merely suggested how the Attorney General should exercise discretion.  *Id.* at 1328.[1]

Consequently, we lack jurisdiction to review the BIA's August 8, 2013, decision denying Butalova's motion to reopen, because the BIA's battered-spouse

---

[1] In *Bedoya-Melendez*, we also noted 8 C.F.R. § 204.2(c)(1)(vi) did not apply to the battered-spouse determination of 8 U.S.C. § 1229b.  *Id.* at 1327.

10

determination under § 1154(a)(1)(A)(iii) was discretionary.  We similarly lack jurisdiction to review the BIA's November 15, 2013, decision denying Butalova's subsequent motion to reconsider and to reopen.  *Cf. Patel*, 334 F.3d at 1262 (recognizing we may not review a decision denying a motion to reopen if we would also lack jurisdiction to review the underlying order of removal).

Although we retain jurisdiction over constitutional issues and questions of law under INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), Butalova has raised no issue that falls within that jurisdiction.  *See Alvarez Acosta*, 524 F.3d at 1196-97; *Scheerer*, 513 F.3d at 1253.  Therefore, we dismiss Butalova's petitions for review for lack of jurisdiction.

**PETITIONS DISMISSED.**