[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13069
Non-Argument Calendar
_____

Agency No. A077-655-775

HUI LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 10, 2017)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Hiu Liu, a native and citizen of China, petitions for review of an order that denied her second motion to reopen and to stay her removal from the United States based on a change in country conditions. 8 U.S.C. § 1229a(c)(7)(C)(ii). The Board of Immigration Appeals found that Liu failed to present material evidence of changed country conditions regarding the treatment of Christians attending underground churches, *see id.*, and that Liu failed to establish a prima facie case of eligibility for asylum, withholding of removal, or relief under the Convention Against Torture, *see id.* § 1158(b)(1)(A), § 1231(b)(3)(A). We deny the petition.

We review the denial of a motion to reopen for an abuse of discretion. *Butalova v. U.S. Att'y Gen.*, 768 F.3d 1179, 1182 (11th Cir. 2014). Our "review is limited to determining whether the [Board of Immigration Appeals] exercised its discretion in an arbitrary or capricious manner." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). An alien generally may file only one motion to reopen, 8 U.S.C. § 1229(c)(7)(A), within 90 days of the final order of removal, *id.* § 1229a(c)(7)(C)(i), but "[t]here is no time limit on the filing of a motion . . . based on changed country circumstances arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous hearing," *id.* § 1229a(c)(7)(C)(ii). A movant "bears a heavy burden" to reopen removal proceedings, *Zhang*, 572 F.3d at 1319, "and must present evidence of such a nature that the [Board] is satisfied that if proceedings

2

. . . were reopened . . . the new evidence offered would likely change the result in the case," *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006) (brackets, internal quotation marks, and citation omitted).

The Board did not abuse its discretion when it denied Liu's second motion to reopen for failure to establish a change in country conditions that would create an exception to the numerosity and timeliness requirements. Liu already had filed one motion, and she submitted her present motion more than twelve years after her final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i). And Liu failed to offer evidence sufficient to except her from the one motion and 90-day limits. *See id.* § 1229a(c)(7)(C)(ii).

We cannot classify as arbitrary or capricious the finding of the Board that Liu failed to submit material evidence that the treatment of Christians in China had worsened. *See Zhang*, 572 F.3d at 1319. When Liu applied for asylum, she submitted a copy of the 2000 Human Rights Report, which stated that the Chinese government recognized Catholicism and Protestantism, but sought to restrict religious practice to government-sanctioned organizations by requiring registration of religious groups, closing and destroying unregistered places of worship, and detaining, fining, harassing, and beating members of unregistered churches. Liu's newly-submitted evidence suggested that the mistreatment of Christians and restrictions on their religious activities had been longstanding issues and varied

among the regions in China. The 2010, 2011, 2012, and 2013 editions of the Religious Freedom Report state that certain local governments in China continued to regulate and demolish unregistered churches and harass their members, but the "local authorities [in other regions] tacitly approved of or did not interfere with the activities of some unregistered groups" so "long as they gather[ed] only in private."

We **DENY** Liu's petition.