[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 17-10948 & 17-12968
Non-Argument Calendar

_____

Agency No. A208-787-845

GERARDO CARREON-NAVAREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

(March 30, 2018)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

In this consolidated case, Gerardo Carreon-Navarez appeals several actions of the Board of Immigration Appeals ("BIA") within his removal proceeding. Carreon argues that: (1) the BIA abused its discretion in affirming the decision by

an Immigration Judge ("IJ") to deny his request for a continuance to allow him to marry and adjust his status; (2) the BIA abused its discretion in denying his motion to remand the case back to the IJ and his later motion to reopen his case; and (3) the BIA's denial of his motion to remand and motion to reopen violated his right to procedural due process. After thorough review, we dismiss his petitions.

We review de novo our subject matter jurisdiction over a petition for review. Butalova v. U.S. Att'y Gen., 768 F.3d 1179, 1182 (11th Cir. 2014).

First, we lack jurisdiction over Carreon's claim that the BIA abused its discretion in affirming the IJ's denial of his motion for a continuance. It is well established that we lack jurisdiction to consider a claim that is moot, and must dismiss it. Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001). A case is moot when the issues presented are no longer "live," the parties lack a legally cognizable interest in the outcome, or events that occur subsequent to the filing of the lawsuit or appeal deprive a court of the ability to give the plaintiff or appellant meaningful relief. Id. at 1335-36.

The record here shows that Carreon initially sought a continuance to allow him to get married, since the fact that he was unmarried precluded him from seeking adjustment of status. In other words, the purpose of the requested continuance was to allow the IJ to consider his marriage in deciding the question of removability. By the time Carreon was before the BIA appealing the denial of his

2

request for a continuance, he was married.  Nonetheless, the BIA concluded that the marriage alone did not change the fact that Carreon was removable and ineligible for any relief, because he had failed to establish that his marriage was bona fide and that he was eligible for a waiver of inadmissibility based on extreme hardship to his wife.  As a result, the question of whether allowing a continuance for Carreon to get married would have changed the result of his removal proceeding is no longer "live," and we can grant him no meaningful relief.  Thus, we dismiss this issue in the petition as moot.  See id.

We also lack jurisdiction over Carreon's claims that the BIA abused its discretion in denying his motion to remand the case back to the IJ and his later motion to reopen his case.  For starters, if a motion to remand seeks to introduce evidence that was not previously presented, it is generally treated as a motion to reopen.  Chacku v. U.S. Att'y Gen., 555 F.3d 1281, 1286 (11th Cir. 2008).  While we may review the denial of a motion to reopen generally, Kucana v. Holder, 558 U.S. 233, 252-53 (2010), and also may review "non-discretionary legal decisions that pertain to statutory eligibility for discretionary relief," Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003), we lack jurisdiction to review immigration decisions of the Attorney General that, by statute, are discretionary, 8 U.S.C. § 1252(a)(2)(B).  When the BIA denies a motion to reopen based on its conclusion that the petitioner is not prima facie eligible for a type of

3

relief that is statutorily discretionary, we may not review that denial, because the underlying decision requires discretion distinct from the BIA's general discretion to deny a motion to reopen. Butalova, 768 F.3d at 1184.

Generally, an alien who marries a United States citizen may apply to adjust his status to that of a lawful permanent resident. See Alvarez Acosta v. U.S. Att'y Gen., 524 F.3d 1191, 1194 n.6 (11th Cir. 2008). However, an alien who marries during the pendency of his removal proceedings is not eligible for the adjustment unless he establishes by clear and convincing evidence, to the satisfaction of the Attorney General, that his marriage was bona fide and not entered into solely for the purpose of procuring the his admission. 8 U.S.C. § 1255(e)(1)-(3).

An alien who is inadmissible based on a conviction for violating any state or federal law relating to a controlled substance is ineligible for adjustment of status. 8 U.S.C. § 1182(a)(2)(A)(i)(II). But in certain circumstances, the Attorney General may, in his discretion, waive such inadmissibility insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana, if it is established to his satisfaction that the alien's denial of admission would result in extreme hardship to the alien's citizen spouse. 8 U.S.C. § 1182(h)(1)(B).

According to the record, the BIA denied Carreon's motion to remand, first, based on its conclusion that Carreon had not established by clear and convincing evidence that his marriage was bona fide for purposes of the bona fide marriage

4

exception.  In addition, Carreon had acknowledged that he had been convicted for driving under the influence and possession of less than 20 grams of marijuana, but he argued that those convictions did not bar him from seeking a waiver of inadmissibility under 8 U.S.C. § 1182(h)(1)(B), which he intended to seek as a part of his application for adjustment of status.  Addressing this argument, the BIA held that, regardless of the marriage issue, Carreon also had not presented evidence to indicate that he met the requirements for a discretionary waiver of inadmissibility, because he had not shown that his wife would suffer extreme hardship or that he warranted a favorable exercise of discretion.

Because Carreon's motion to remand was based on his desire to present new evidence -- the fact that he had officially married -- it is treated as a motion to reopen.  See Chacku, 555 F.3d at 1286.  And because waiver of inadmissibility under 8 U.S.C. § 1182(h) is, by its explicit terms, discretionary, and because the BIA's denial was based on its conclusion that Carreon would not qualify for discretionary relief, we lack jurisdiction to review the BIA's denial of Carreon's motion to remand.  See Butalova, 768 F.3d at 1184.  The same is true for the BIA's denial of Carreon's later motion to reopen.  In denying that motion, the BIA concluded that, as a result of his conviction, Carreon would not be eligible for a waiver of his inadmissibility and, therefore, did not warrant a favorable exercise of discretion.  See id.  As for Carreon's argument that the BIA improperly focused on

5

his likelihood of success if his case were remanded, rather than on the fact that he satisfied the requirements for a motion to remand, it is foreclosed by precedent. See id. (holding that the BIA can deny a motion to remand or reopen based on its conclusion that, if it were to do so, the petitioner would not be successful in obtaining relief). Accordingly, we dismiss for lack of jurisdiction Carreon's claims challenging the BIA's denial of his motions to remand and to reopen.

Finally, we lack jurisdiction over Carreon's argument that the BIA's denial of his motion to remand and motion to reopen violated his right to procedural due process. Though we do not have jurisdiction to review the denial of a motion to reopen based on the conclusion that the petitioner does not qualify for discretionary relief, we retain jurisdiction over constitutional issues in this context. Id. at 1183. Regardless, we may review a final order of the BIA only if the alien has exhausted all administrative remedies available to him as a matter of right. 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right). This requirement is jurisdictional, and we lack jurisdiction to review claims, including procedural due process claims, that were not raised before the BIA. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1251 (11th Cir. 2006) (holding that we lacked jurisdiction to consider the petitioner's claim that his proceedings before the IJ were fundamentally unfair in violation of due process,

6

because he did not assert this claim to the BIA, and the BIA did not address its merits or render a final judgment on it).

In Indrawati v. U.S. Attorney General, 779 F.3d 1284, 1297 (11th Cir. 2015), we held that while the exhaustion rule "is not a stringent requirement," a petitioner must have previously argued before the BIA the core issue now on appeal. Though exhaustion does not require a petitioner to use "precise legal terminology" or provide a well-developed argument to support his claim, unadorned, conclusory statements do not satisfy the requirement; the petitioner must provide sufficient information to enable the BIA to review and correct any errors that occurred. Id. (quotations omitted).

Here, Carreon briefly mentioned in his motion to reopen that the BIA's denial of his motion would be a violation of his right "to due process of law, equal protection, and other rights as guaranteed under the Constitution of the United States." This statement is insufficient under Indrawati to have exhausted the claim because it is conclusory and lacks substantive argument and legal authority. Moreover, the BIA did not address a due process claim in any way in its ruling on the motion. On this record, Carreon failed to exhaust his due process claim, and we lack jurisdiction over it. See Amaya-Artunduaga, 463 F.3d at 1251. We, therefore, dismiss this claim in the petition for lack of jurisdiction.

**PETITION DISMISSED.**