[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14554
Non-Argument Calendar
_____

Agency No. A208-173-517


XUE FANG CHEN,

Plaintiff-Appellant,

versus

U.S. ATTORNEY GENERAL,

Defendant-Appellee.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 8, 2018)

Before, TJOFLAT, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

The petitioner, Xue Fang Chen, is a native of China who entered the United States without inspection. On September 23, 2015, after denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), an Immigration Judge ("IJ") ordered her removed from the United States. Chen reserved an appeal of the IJ's decision. But she did not appeal. Two years later, on April 11, 2017, Chen moved the IJ to reopen the removal proceedings so that she could once more pursue asylum, withholding of removal, and CAT protection. This motion came more than a year after her removal order became final.

The INA permits an alien to "file one motion to reopen proceedings" within ninety days of the date on which the removal order became final. INA § 240(c)(7)(A), (C)(i); 8 U.S.C. § 1229a(c)(7)(A), (C)(i). Because Chen fell outside this time limitation, she invoked an exception which provides as follows.

> There is no time limit on the filing of a motion to reopen if the basis of the motion is to apply for relief under sections 1158 or 1231(b)(3) of this title and is based on changed conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding.

INA § 240(c)(7)(C)(ii); 8 U.S.C. § 1229a(c)(7)(C)(ii) (footnote omitted). Citing this exception, she moved the IJ to reopen her removal proceedings on the ground

2

that she possessed "material" information of changed conditions in China relating to the treatment of Christians. *Id.* A motion to reopen proceedings must "state the new facts that will be proven" and support those facts with "affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). Thus, to support her motion, Chen attached reports discussing religious freedom in China published by the United States government,[1] non-governmental organizations, and news organizations. She also proffered copies of select Chinese laws, draft policy statements of the Chinese Government, her own affidavit, and letters from family and friends. Upon examining this evidence, the IJ determined that Chen's evidence did not establish a material change of conditions in China and that she failed to show a reasonable likelihood of success on the merits. She appealed the IJ's decision denying her motion to reopen the proceedings to the Board of Immigration Appeals ("BIA"). The BIA affirmed the IJ's decision, noting that "[t]he evidence the respondent references on appeal and in her motion does not support her claim that there has been a 'marked increase in persecution against Christians in China.'" She has appealed the BIA's affirmance of the IJ's decision.

---

[1] Specifically, she introduced the following reports: the 2015 International Religious Freedom Report of the State Department, the 2016 Annual Report of the Congressional-Executive Commission on China, the 2016 Annual Report of the United States Commission on International Religious Freedom, and the Country Report on Human Rights Practices for China for 2016 of the State Department.

We review the denial of a motion to reopen immigration proceedings for an abuse of discretion, examining only whether the BIA "exercised its discretion in an arbitrary or capricious manner."[2] *Jiang v. U.S. Attorney Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).  We review legal issues *de novo*, however, such as whether the BIA sufficiently considered an alien's evidence or arguments.  *Ayala v. U.S. Attorney Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).

Chen argues that the BIA failed to adequately consider her evidence of changed country conditions.  This Court has "granted petitions for review, vacated agency decisions, and remanded for further proceedings when the agency's decision was so lacking in reasoned consideration and explanation that meaningful review was impossible." *Indrawati v. U.S. Attorney Gen.*, 779 F.3d 1284, 1302 (11th Cir. 2015).  To determine whether a decision displayed reasoned consideration, "we look only to ensure that the IJ and BIA considered the issues raised and announced their decisions in terms sufficient to enable review." *Id.* Here, after reviewing Chen's argument and the evidence, the BIA discussed the pertinent evidence and explained why each piece of evidence failed to establish changed conditions in China as to the treatment of Christians.  By doing so, the BIA displayed the reasoned consideration our precedent requires.  It did not need

---

[2] "[W]e have jurisdiction to review the denial of a motion to reopen, because the agency's discretion in denying the motion derives solely from regulations, not statutes." *Butalova v. U.S. Attorney Gen.*, 768 F.3d 1179, 1182 (11th Cir. 2014).

4

to address "each piece of evidence [Chen] presented." *Id.* (quoting *Cole v. U.S. Attorney Gen.*, 712 F.3d 517, 534 (11th Cir. 2013).

Chen also argues that the BIA abused its discretion in determining that Chen failed to demonstrate changed conditions in China sufficient to warrant reopening her removal proceedings. The law disfavors motions to reopen immigration proceedings "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *I.N.S. v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724–25 (1992). The moving party therefore "bears a heavy burden," *Zhang v. U.S. Attorney Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009), and we review a denial of a motion to reopen for an abuse of discretion. *Doherty*, 502 U.S. at 323, 112 S. Ct. at 724.

The BIA did not abuse its discretion in holding that Chen failed to establish a material change of conditions in China since her removal hearing in September 2015. To determine whether the evidence demonstrates a material change in country conditions, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G*, 24 I. & N. Dec. 247, 253 (BIA 2007). If the evidence shows only an "incremental or incidental" change in conditions, it is not sufficient to reopen proceedings. *Id.* at 257. During Chen's removal hearing in September 2015, the evidence available showed that the Chinese government detained

members of Christian house churches, sentenced them to prison terms, and sought to evict them from their homes. As to her personal circumstances, Chen alleged that she had been arrested, interrogated, and detained for participating in a house church in the Fujian Province in which she lived before leaving for the United States. After examining her evidence and arguments, the IJ denied her asylum, withholding of removal, and CAT protection.

In her motion to reopen, the evidence demonstrated continued repression of house churches through their destruction and the detention of their members. Although the evidence showed increased anti-Christian rhetoric in 2016 and some increase in detentions, arrests, and prison sentences, the evidence also showed that some house church members reported more freedom than before to conduct religious services. The evidence also stated that the destruction of churches and crosses in Zhejiang Province began as early as 2014, and continued throughout 2016. As to the Fujian Province, where Chen lived before leaving China, the evidence showed that two churches were destroyed in 2016.[3] Even in the light

---

[3] In a letter attached to the motion to reopen, Chen's mother indicated that the police have continued asking about Chen since she left China. This evidence does not demonstrate a change in circumstances since her removal hearing, but a continuation of them. *See Zhao v. Gonzales*, 440 F.3d 405, 407 (7th Cir. 2005) ("The BIA correctly concluded that Zhao's allegation that police were still looking for him did not constitute changed circumstances."). In her affidavit, Chen further contended that her practice of Christianity in the United States, including her baptism, warranted reopening proceedings because of repression she might face on return to China. The letters she submitted from friends merely corroborated the change in her personal circumstances, not a change in the circumstances in China. A mere change in personal conditions cannot support a motion to reopen. *Zhang*, 572 F.3d at 1319.

most favorable to Chen, this evidence merely shows an incremental increase in the repression of Christian house churches, not a change of circumstance, and does not suffice to reopen removal proceedings. *In re S-Y-G*, 24 I. & N. Dec. at 257.

As a result, Chen has not introduced evidence that establishes a material change with respect to the persecution of Christians in China since September 2015—at which time the evidence showed the a pattern of repression against Christians who worshipped in house churches through their detention and the destruction of house churches. Her motion to reopen does not support claims that could not have been previously raised. *See Zeah v. Lynch*, 828 F.3d 699, 704 (8th Cir. 2016) ("[M]otions to reopen are not vehicles for presenting new allegations that could have been previously raised."). As a result, the BIA did not abuse its discretion in affirming the IJ's denial of Chen's motion to reopen her removal proceedings.

**PETITION DENIED.**