[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11017
Non-Argument Calendar
_____

Agency No. A206-036-578

LUDWIN E. ORELLANA-GONZALEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 18, 2018)

Before WILLIAM PRYOR, JORDAN and HULL, Circuit Judges.

PER CURIAM:

Ludwin Orellana-Gonzalez, a native and citizen of El Salvador, petitions for review of the denial of his motion to reopen or reconsider. The Board of Immigration Appeals denied Orellana's motion to reopen as untimely and, alternatively, as lacking merit. Because Orellana offers no argument regarding his motion for reconsideration, he has abandoned that issue. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). We deny Orellana's petition.

Orellana moved the Board to reopen his removal proceeding to consider evidence that he alleged was omitted from the administrative record and was relevant to his eligibility for asylum. The evidence consisted of Orellana's college diploma, his mother's birth certificate, and birth and death certificates of two uncles. Orellana acknowledged that his motion was untimely and requested "equitable tolling of the time limitations" and that the Board exercise "sua sponty authority . . . [to treat] his situation [as] an exceptional circumstance." Orellana asked the Board to consider his evidence and his argument that he qualified as a refugee on account of being a member of a particular social group of "working single head of household professionals" who had three incidents in which members of a gang in El Salvador tried to recruit him to join the gang and demanded that he pay "rent" from his salary as an airport employee. In essence, Orellana sought reconsideration of the earlier decision of the Board that he failed to "meet his burden for asylum" because "he did not proffer a cognizable particular social

2

group or [prove] that the incidents in question were based on extortion and not a protected ground."

The Board denied Orellana's motion to reopen. The Board found that "[t]he proceedings in this matter were last before [it] on July 19, 2017," and that Orellana's motion, which he filed on October 20, 2017, was untimely. In the alternative, the Board ruled that Orellana's "further documentation, a supplemental filing that was misdirected and, therefore, not reviewed by the Immigration Judge," did "not present a sufficient basis to warrant the reopening of proceedings for further consideration of [Orellana's] request for relief." The Board also "decline[d] to exercise [its] sua sponte authority to grant [the] untimely motion . . . ."

Orellana asks us to review the decision of the Board *de novo*, but our precedents make clear that we review the denial of a motion to reopen for abuse of discretion. *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018); *Butalova v. U.S. Att'y Gen.*, 768 F.3d 1179, 1182 (11th Cir. 2014); *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009); *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1340 (11th Cir. 2003).

The Board did not abuse its discretion when it denied Orellana's motion to reopen. Orellana argues that the Board failed to address his argument for equitable tolling, but that oversight was harmless because the Board also denied Orellana's motion on the alternative ground that it lacked merit. *See Guzman-Munoz v. U.S.*

3

*Att'y Gen.*, 733 F.3d 1311, 1314 (11th Cir. 2013). Orellana argues that the Board

"dismissed []his evidence without reason" and "conducted improper factfinding,"

but the Board fulfilled its obligation to determine whether the "evidence [was] of

such a nature that . . . if proceedings . . . were reopened, with all attendant delays,

the new evidence offered would likely change the result in the case." *Ali v. U.S.*

*Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006) (quoting *In re Coelho*, 20 I. & N.

Dec. 464, 473 (BIA 1992)). Evidence that Orellana earned a college degree and

that his mother was born on a particular date had no bearing on whether he

qualified as a refugee. And the death certificates of Orellana's uncles had no

bearing on whether Orellana was eligible for asylum. As the immigration judge

explained in his oral decision, the certificates did not identify the cause of or

person responsible for his uncles' deaths or offer any insight into why Orellana

decided to leave El Salvador more than a decade after his uncles' demise. The

Board did not abuse it discretion when it concluded that the evidence would not

have changed the result of Orellana's proceeding.

**PETITION DENIED.**

4