[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-13389
Non-Argument Calendar

————————————————

Agency No. A201-341-454

RENE ASTUL LOPEZ-PORTILLO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals

————————————————

(July 27, 2021)

ON PETITION FOR REHEARING

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

We grant the petition for rehearing. Accordingly we vacate our previous opinion, *Lopez-Portillo v. U.S. Att'y Gen.*, No. 20-13389, 2021 WL 1811525 (11th Cir. May 6, 2021) (per curiam), and replace it with the following opinion.

Rene Lopez-Portillo petitions for review of an August 2020 Board of Immigration Appeals (BIA) order. In that order, the BIA denied his motions to reconsider, reopen, and sua sponte reopen a March 2020 BIA decision denying cancellation of removal pursuant to the Immigration and Nationality Act (INA) § 240A(b)(1), 8 U.S.C. § 1229b(b)(1). Lopez-Portillo argues that the BIA applied the wrong legal standards in denying him relief, engaged in impermissible factfinding, erred in deciding not to sua sponte reopen his case, denied him due process, and did not give his arguments or evidence reasoned consideration.

The INA limits our review of the petition. *See* INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). To the extent that Lopez-Portillo's petition implicates the discretionary-review bar, we dismiss his petition. However, Lopez-Portillo also raises legal and constitutional claims, which we can review. Because he raised a new legal argument in his motion to reconsider, which the BIA mischaracterized, we grant his petition for review and remand the case to the BIA for proceedings consistent with this opinion.

I.

In May 2019, the Department of Homeland Security (DHS) served Lopez-Portillo, who is a native and citizen of El Salvador, with a notice to appear. DHS alleged that he had entered the United States without being admitted or paroled and charged him as removable pursuant to INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). Lopez-Portillo conceded removability and applied for cancellation of removal.[1] In relevant part, he stated in his application that his removal would cause a substantial hardship to his children, who are U.S. citizens.

At his hearing, Lopez-Portillo testified to the following: He has been in the United States since 2005 and is his family's sole breadwinner. His nine-year-old daughter was born with a hip problem that affects her feet and ankles, causes her pain, and requires her to walk abnormally.  His son was diagnosed with eczema at birth, which requires special care when bathing and the use of medicated soap and shampoo because his skin itches and bleeds. While Lopez-Portillo was detained, his son started acting out and his eczema worsened; both children were diagnosed with adjustment disorders and were struggling. His daughter understands Spanish

---

[1] The Attorney General can cancel the removal of a non-lawful permanent resident who: (1) has been physically present in the United States for a continuous period of at least ten years immediately preceding the date of the application; (2) has been a person of good moral character during that period; (3) has not been convicted of an offense under INA §§ 1182(a)(2), 1227(a)(2), or 1227(a)(3); and (4) establishes that his removal would result in exceptional and extremely unusual hardship to a qualifying relative, including a U.S. citizen child. INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).

and English, but his wife speaks only Spanish and his son does not speak Spanish, so his daughter often has to translate between them. He does not believe he would be able to care for his children's needs if they went with him to El Salvador.

Lopez-Portillo's sister and friend each testified about how the children had been affected by his detention and how he was needed at home with them. Lopez-Portillo presented evidence that women did not have equal pay or equal employment opportunities in El Salvador and that the country was dangerous. Also, he showed there was poor healthcare in El Salvador, particularly in comparison to the private health insurance he had obtained through his job in the United States.

In an oral decision, the immigration judge (IJ) granted Lopez-Portillo's application for cancellation of removal. The IJ found substantial hardship based in part on the son's medical condition and the fact that the son does not speak the same language as his mother. Also, because Lopez-Portillo is the sole breadwinner for the family, his removal could result in the children becoming public charges and facing exceptional and extremely unusual hardship. Alternatively, the IJ found that, if the children followed Lopez-Portillo to El Salvador, they would be living in a country where they would not understand the language, have no ties, and where their family earnings would be significantly less. Thus, the IJ found that the situation justified the discretionary relief of cancellation.

4

DHS appealed to the BIA. Lopez-Portillo opposed the appeal and moved to admit new evidence, including a letter from the family's therapist about the son and mother's language barrier and a scholarly article about the mental health effects on immigrant children of having to learn two languages.

In March 2020, the BIA sustained DHS's appeal and vacated the IJ's grant of cancellation. Explaining that it reviews the IJ's factual findings for clear error and all other issues de novo, the BIA discussed the facts and determined that the "evidence does not establish that [the family's] hardship is different from, or beyond, that which would normally be expected to result" from removal. Accordingly, the BIA found that the hardship did not rise to the level that warrants cancellation. The BIA ordered Lopez-Portillo removed. Lopez-Portillo did not petition for review of the March 2020 order.

In April 2020, Lopez-Portillo moved for reconsideration of the March 2020 order and requested a stay of deportation. He argued that the BIA erred in its March 2020 order by engaging in de novo review of the IJ's findings of facts— when only clear error review was proper—and that this was a new legal argument for the BIA to consider. In May 2020, he moved to reopen his case based on new and previously unavailable evidence. The new evidence included that his son had newly been diagnosed with a respiratory disorder, information about the effect of removal on children's mental health, evidence of poor medical care in El Salvador,

and more evidence about the language barrier between his son and his wife. He again requested that the BIA sua sponte reopen his case.

The BIA denied Lopez-Portillo's motions and request for a stay in an August 2020 decision. In the decision, the BIA disagreed with Lopez-Portillo's "characterization of [the March 2020] decision as engaging in fact-finding," and therefore found "no new legal argument . . . upon which to reconsider" the March 2020 order. Lopez-Portillo filed this petition for review.

## II.

The INA guides our review. We generally have jurisdiction to review final orders of removal. *See* INA § 242(a)(l), (b)(9), 8 U.S.C. § 1252(a)(l), (b)(9); *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005) (per curiam). A petitioner has 30 days from the date of the final order of removal to file a petition for review with us. INA § 242(a)(1), (b)(1); 8 U.S.C. § 1252(a)(1), (b)(1). An order of removal becomes final when the BIA affirms it or when the time to appeal it expires, whichever is earlier. INA § 101(a)(47)(B), 8 U.S.C. § 1101(a)(47)(B). The 30-day deadline to file a petition for review is mandatory, jurisdictional, and not subject to equitable tolling. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (per curiam). The deadline is not tolled by the filing of a motion to reopen or reconsider. *Id.*

The INA also strips us of jurisdiction to review discretionary judgments regarding petitions for cancellation of removal. INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i). In these cases, we only have jurisdiction to review "constitutional claims or questions of law." INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1262 (11th Cir. 2020) (en banc) ("[W]e are precluded from reviewing any judgment regarding the granting of relief under [8 U.S.C §§] 1182(h), 1182(i), 1229b, 1229c, or 1255 except to the extent that such review involves constitutional claims or questions of law.") (quotation marks omitted).

Thus, when a motion to reconsider or reopen implicates the denial of discretionary relief, we must determine if the petitioner has raised any questions of law or constitutional issues. If not, we lack jurisdiction to review those orders. *See Butalova v. U.S. Att'y Gen.*, 768 F.3d 1179, 1184–85 (11th Cir. 2014) (per curiam).

Here, we must decide the extent of our jurisdiction over Lopez-Portillo's petition challenging the BIA's August 2020 order. Because the order involves challenges to the denial of the discretionary relief of cancellation of removal, we may only review Lopez-Portillo's claims to the extent he has raised a colorable legal or constitutional claim. *See Patel*, 971 F.3d at 1272.[2] We similarly lack

---

[2] Lopez-Portillo attempts to raise a due process claim but the claim is not colorable. Failing "to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." *Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 548 (11th Cir. 2011) (per curiam); *see also*

jurisdiction over the BIA's decision not to sua sponte reopen his case, as this decision is "committed to agency discretion by law." *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293–94 (11th Cir. 2008). Thus, we dismiss Lopez-Portillo's claims over which we lack jurisdiction.

III.

Nevertheless, Lopez-Portillo raised two claims that we may review: (1) whether the BIA applied incorrect legal standards in its decision to deny his motions and (2) whether the BIA failed to give reasoned consideration to his arguments and evidence. These are both questions of law. *See Jeune v. U.S. Att'y. Gen.*, 810 F.3d 792, 799 (11th Cir. 2016); *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018). Our review is limited to these arguments; we cannot review the underlying merits of whether Lopez-Portillo's motions should have been granted.

One may file a motion to reconsider the prior decision or to reopen proceedings after entry of a final order of removal. INA § 240(c)(6), (7), 8 U.S.C. § 1229a(c)(6), (7). The BIA will typically not grant a motion to reconsider based on a legal argument that was previously available, but reconsideration may be warranted based on a new argument or a previously raised argument that the BIA

---

*Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008) (the denial of a motion to reconsider and motion to reopen are discretionary decisions that cannot support a due process claim). Accordingly, this claim fails.

8

did not address in its prior decision. *In re O-S-G-*, 24 I. & N. Dec. 56, 58 (BIA 2006).

A "motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(B); 8 U.S.C. § 1229a(c)(7)(B). Reopening "may be warranted only where the movant presents evidence that is new, material, and unavailable when the removal order was entered." *Bing Quan Lin*, 881 F.3d at 872 (emphasis omitted). The movant "bears a heavy burden" in showing the evidence is material and must show that "the new evidence would likely change the result." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256–57 (11th Cir. 2009).

When reviewing an IJ's decision, the BIA cannot engage in factfinding; it reviews an IJ's findings of fact only for clear error. 8 C.F.R. § 1003.1(d)(3)(i). But the BIA reviews "questions of law, discretion, and judgment and all other issues" de novo. *Id.* § 1003.1(d)(3)(ii). Accordingly, the BIA can consider de novo whether the IJ's facts qualify the petitioner for relief. *Zhou Hua Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1312 (11th Cir. 2013).

In reviewing a petitioner's appeal, the BIA must give reasoned consideration to the arguments and evidence, but need not individually address each argument or piece of evidence. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1232 (11th Cir. 2013) (per curiam). When reviewing for reasoned consideration, "we inquire

only whether the [BIA] considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to" know they were considered. *Id.* (quotation marks omitted) (alterations adopted). To meet this burden, the BIA must discuss "highly relevant" evidence. *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1334 (11th Cir. 2019). The BIA fails to give reasoned consideration when it "misstates the contents of the record, fails to adequately explain its rejection of logical conclusions, or provides justifications for its decision which are unreasonable." *Bing Quan Lin*, 881 F.3d at 874.

The BIA erred here by failing to consider the new legal issue raised by Lopez-Portillo. In his motion for reconsideration, Lopez-Portillo raised—for the first time—a legal argument: the BIA had applied the incorrect standard in the March 2020 order by reviewing the IJ's factual findings de novo, leading to impermissible fact finding by the BIA. This was a new legal question because it arose only from the March 2020 order; Lopez-Portillo thus could not have raised it earlier. *See In re O-S-G-*, 24 I. & N. Dec. at 58.

But the BIA did not consider the legal question. Instead, the BIA disregarded Lopez-Portillo's argument altogether by "disagree[ing] with [Lopez-Portillo's] characterization of [the] decision as engaging in fact-finding." The BIA then determined that there were "no new legal argument[s]," and denied the motion to reconsider. This language is not sufficient to enable us to know that the BIA

10

gave this issue "reasoned consideration" or even considered the legal question at all. In other words, we cannot confirm that the BIA has "heard and thought and not merely reacted." *See Perez-Guerrero*, 717 F.3d at 1232. By saying there was "no new legal argument," the BIA showed that they failed to give reasoned consideration to a legal question that was before it for the first time. To that extent, we grant the petition for review and remand for consideration of the new legal question.

Aside from the fact-finding question, the BIA otherwise gave reasoned consideration to Lopez-Portillo's arguments. The BIA was not required to individually mention each argument or piece of evidence submitted. The decision shows that the BIA considered his claims: it cited precedential decisions, demonstrated familiarity with the record, and compared the facts of other cases to the facts of Lopez-Portillo's case to reach its conclusions. The BIA properly recognized that Lopez-Portillo raised many of the same arguments in the motion to reconsider that he had already raised.

Regarding the evidence Lopez-Portillo provided with the motions, the BIA properly recognized that some of the "new" evidence was not new (it was already in the record). Otherwise, Lopez-Portillo failed to explain why the evidence was new or previously unavailable, so the BIA did not err in finding it was not required to consider it. *See Bing Quan Lin*, 881 F.3d at 873. As for the new medical

11

evidence, the BIA considered it, but found it insufficient to justify reopening the case. We lack jurisdiction to review the underlying merits of that conclusion because it implicates discretionary relief. *See Butalova*, 768 F.3d at 1184.

\* \* \*

We grant Lopez-Portillo's petition for review in part. We remand for consideration of his argument that the BIA engaged in impermissible factfinding because the Board did not give that new legal question reasoned consideration. Otherwise, we deny Lopez-Portillo's claims that are not dismissed as jurisdictionally barred.

**GRANTED IN PART, DISMISSED IN PART, AND DENIED IN PART.**

LUCK, Circuit Judge, concurring in part and dissenting in part:

I agree with everything in the majority opinion save for the two parts where it grants the petition for rehearing and grants Rene Astul Lopez-Portillo's petition for review because the Board of Immigration Appeals failed to give reasoned consideration to his claim that the board applied the incorrect standard in its March 2020 order by reviewing the immigration judge's factual findings de novo. As to those parts, I respectfully dissent because I believe the board gave reasoned consideration to Lopez-Portillo's incorrect-standard claim.

Our reasoned-consideration review of the board's decision is "not a demanding standard," Martinez v. U.S. Att'y Gen., 992 F.3d 1283, 1294 (11th Cir. 2021), and "the [b]oard does not need to do much," Ali v. U.S. Att'y Gen., 931 F.3d 1327, 1333 (11th Cir. 2019). "When assessing whether a decision displays reasoned consideration, we look only to ensure that the [immigration judge] and the [board] considered the issues raised and announced their decisions in terms sufficient to enable review." Indrawati v. U.S. Att'y. Gen., 779 F.3d 1284, 1302 (11th Cir. 2015) (emphasis added).

Under our reasoned-consideration review, we will only "[o]ccasionally" grant a petition for review "when the agency's decision was so lacking in reasoned consideration and explanation that meaningful review was impossible." Id. (emphasis added). It doesn't matter that we "disagree[] with [the board's] legal

conclusions and factual findings." Id.  Being wrong is not enough.  All that matters for reasoned-consideration review is that the board's decision is not "so fundamentally incomplete that a review of legal and factual determinations would be quixotic."  Id. (emphasis added).

I don't think review, here, is impossible or quixotic.  Lopez-Portillo argued in his motion for reconsideration of the board's March 2020 order that the board "erroneously engaged in de novo review of findings of fact previously determined" by the immigration judge.  The board addressed Lopez-Portillo's incorrect-standard argument head on, explaining:

> [Lopez-Portillo] also argues that this [b]oard erred by engaging in impermissible fact finding in reversing the [i]mmigration [j]udge's ultimate decision to grant [his] application for cancellation of removal. However, we disagree with [Lopez-Portillo]'s characterization of our decision as engaging in fact-finding.  Instead, we exercised our de novo review authority to determine whether the facts, as found by the [i]mmigration [j]udge, reflect a situation that cumulatively rises to the level of exceptional and extremely unusual hardship [the standard for cancellation of removal] . . . .

The board did exactly what we've asked it to do.  The board accurately described Lopez-Portillo's incorrect-standard claim, considered the claim, and explained why it was denying the claim.  The board explained that it denied Lopez-Portillo's incorrect-standard claim because it didn't, in fact, review the immigration judge's factual findings de novo; instead, the board explained that it accepted the immigration judge's factual findings but reviewed de novo the immigration judge's

14

application of those facts to the correct legal standard, which the board was allowed to do under the relevant statutes and regulations.

The board's explanation is sufficient to enable meaningful review. We can read the board's March 2020 order and tell whether it improperly found facts on its own (as Lopez-Portillo's claims), or whether it properly applied the facts found by the immigration to the legal standard for cancelation of removal (as the board claims). Because the board's decision is not so lacking in reasons and so fundamentally incomplete that it can't be reviewed, I would deny Lopez-Portillo's petition for review to the extent he raises a reasoned-consideration argument and deny the petition for rehearing.

15