[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11755
Non-Argument Calendar
_____

Agency No. A091-084-741


AIDEN IFEANYI ANUFORO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 2, 2020)


Before WILLIAM PRYOR, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Aiden Anuforo, an alien proceeding *pro se*, seeks review of the Board of Immigration Appeals' (BIA) denial of his second motion to reopen his removal proceedings. He sought to have the BIA terminate his removal proceedings on the ground that his Notice to Appear (NTA) was fatally defective, under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), as it failed to include the time and date of his removal proceeding. He argued the defective NTA effectively deprived the IJ of jurisdiction over his removal proceedings. The BIA found Anuforo's motion to be time and number barred, and further concluded that, even assuming he could justify his motion's procedural deficiencies, his arguments in support of termination were without merit.

On appeal, Anuforo argues the BIA abused its discretion in denying his motion to reopen as time-barred and number-barred. He further argues that the BIA erred in rejecting his substantive argument that his removal proceeding was subject to termination under *Pereira*. Anuforo also attacks the underlying IJ and BIA decisions finding him removable and denying his application for cancellation of removal. After addressing our jurisdiction, we consider Anuforo's substantive arguments as appropriate.

## I. JURISDICTION

Before considering Anuforo's substantive arguments, we must determine the scope of our jurisdiction in this matter. We review *de novo* our subject matter

2

jurisdiction over a petition for review. *Butalova v. U.S. Att'y Gen.*, 768 F.3d 1179, 1182 (11th Cir. 2014). Moreover, we review only the decision of the BIA, except to the extent that the BIA expressly adopts or explicitly agrees with the IJ's opinion. *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009).

As an initial matter, we lack jurisdiction to review any of the IJ's and BIA's decisions leading up to the denial of cancellation of removal in March 2011, as the INA's jurisdiction-stripping provisions bar review of a final order of removal against an alien who is removable for having committed a criminal offense and of the BIA's determination that an alien does not qualify for cancellation of removal. *See* INA §§ 242(a)(2)(C), 242(a)(2)(B)(i), 8 U.S.C. §§ 1252(a)(2)(C), 1252(a)(2)(B)(i). We have held those the same provisions bar review of motions to reopen that rest on such determinations. *See Guzman-Munoz v. U.S. Att'y Gen.*, 733 F.3d 1311, 1313–14 (11th Cir. 2013); *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1262 (11th Cir. 2003). We therefore dismiss Anuforo's petition to the extent it challenges the IJ's and BIA's underlying decisions finding him removable as an alien convicted of a crime involving moral turpitude and denying his application for cancellation of removal.

However, under the Supreme Court's decision in *Mata v. Lynch*, 135 S. Ct. 2150 (2015), we have held that we have jurisdiction to "examine immigration claims that have been rejected pursuant to the statutory requirements for motions to reopen." *Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 871 (11th Cir. 2018). Accordingly,

3

we limit our review to whether the BIA's determination that Anuforo's second motion to reopen was time-barred and number-barred, and whether his allegedly defective NTA requires us to terminate his immigration proceedings. *See id.* at 870–72 (11th Cir. 2018); *Tang*, 578 F.3d at 1275.

## II. DISCUSSION

Having determined which of Anuforo's substantive arguments we have jurisdiction to consider, we now turn to the merits of those arguments.

*A. Time and Number Bar*

We review the denial of a motion to reopen removal proceedings for an abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). The BIA abuses its discretion when it exercises its discretion in an arbitrary or capricious manner. *Id.* "The moving party bears a heavy burden, as motions to reopen are disfavored, especially in removal proceedings." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (internal quotations omitted).

Here, the BIA did not abuse its discretion in denying Anuforo's second motion to reopen as time-barred and number-barred. "A petitioner may file one, and only one motion for reopening of an order of removal." *Lin*, 881 F.3d at 872; *see also* INA § 204(c)(7)(A), 8 U.S.C. § 1229a(c)(7)(A). And "[a] motion to reopen must be made within 90 days of the removal order's entry, or 180 days after entry of an order of removal entered *in absentia* where failure to appear was because of exceptional

4

circumstances." *Lin*, 881 F.3d at 872 (quotations marks omitted); *see also* INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i). It is undisputed that the instant motion to reopen was Anuforo's second and that the motion was not filed until September 2018, years after the entry of the IJ's removal order in 2010, the BIA's dismissal of Anuforo's appeal from that order in 2011, and the BIA's denial of Anuforo's first motion to reopen in 2011.

Moreover, while the 90-day deadline for filing a motion to reopen is a claim-processing rule subject to equitable tolling, Anuforo has failed to show he is entitled to any such tolling. *See Lin*, 881 F.3d at 872 (stating that equitable tolling generally requires the litigant show: (1) he has been pursuing his rights diligently; and (2) there were extraordinary circumstances preventing him from meeting the deadline). In any case, even assuming he was entitled to equitable tolling as to the time bar, Anuforo's second motion to reopen would remain number-barred. *See id.* at 872; *see also* INA § 240(c)(7)(A), 8 U.S.C. § 1229a(c)(7)(A). Accordingly, we deny Anuforo's petition to the extent he argues the BIA abused its discretion in determining his motion to reopen was statutorily barred.

*B. Termination of Removal Proceedings*

We also find Anuforo's assertion that his defective NTA deprived the IJ of jurisdiction to be without merit.[1]  Anuforo bases his argument on the Supreme Court's decision in *Pereira v. Sessions*.  In *Pereira*, the Supreme Court concluded that a putative NTA that does not specify either the time or place of the removal proceedings does not trigger the stop-time rule for cancellation of removal and thus does not end the alien's continuous physical presence in the United States for purposes of cancellation of removal eligibility.  *Pereira*, 138 S. Ct. at 2110.  The Supreme Court reasoned that a "putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule." *Id.* at 2113–14 (quoting INA § 240A(d)(1), 8 U.S.C. § 1229b(d)(1)).

Anuforo argues that because his NTA, like the one in *Pereira*, did not include the time and place of his hearing, it was defective and deprived the IJ of jurisdiction over his removal proceedings.  While Anuforo is correct that his NTA was defective because it did not specify "[t]he time and place at which the

---

[1] We have jurisdiction to review the merits of this claim, and should address it even in light of our conclusion that the BIA acted within its discretion is denying the motion to reopen as time and number barred.  We recently considered a similar claim in a petition for review concluded that we "always [have] jurisdiction to determine [our] own jurisdiction," and because our jurisdiction to review removal proceedings extended only to final orders of removal, we necessarily had to determine whether there was a valid final order of removal granting us jurisdiction.  *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1153 (11th Cir. 2019).

proceedings will be held," *see* INA § 239(a)(1), 8 U.S.C. § 1229(a)(1), his further assertion that the defective NTA deprived the IJ of jurisdiction is foreclosed by our precedent.

In *Perez-Sanchez v. U.S. Attorney General*, we addressed a petitioner's claim, under *Pereira*, that the IJ "never had jurisdiction over his removal case" because the NTA "did not include either the time or date of his removal hearing." *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1150 (11th Cir. 2019). We determined that, while the NTA was "unquestionably deficient" under 8 U.S.C. § 1229(a) for failing to specify the time and date of the removal hearing, the defective NTA did not deprive the agency of jurisdiction over the removal proceedings because the statutory "time-and-place requirement" did not "create a jurisdictional rule," but was instead a "claim-processing rule." *Id.* at 1150, 1154–55.

We acknowledged that the Justice Department's regulations provide that "[j]urisdiction vests, and proceedings before an [IJ] commence, when a charging document is filed with the Immigration Court." 8 C.F.R. § 1003.14(a). But we nonetheless determined that regulation, "despite its language, sets forth not a jurisdictional rule but a claim-processing one," reasoning that "an agency cannot fashion a procedural rule to limit jurisdiction bestowed upon it by Congress." *Perez-Sanchez*, 935 F.3d at 1155.

7

Thus, under our precedent, although Anuforo's NTA was defective for failing to specify the time and place of the removal hearing, neither § 1229(a) nor § 1003.14 are jurisdictional rules, and the IJ properly exercised jurisdiction over Anuforo's removal proceedings. *Id.* at 1154–55, 1157. Accordingly, we deny Anuforo's petition for review in this respect.

### III. CONCLUSION

For the reasons discussed above, we dismiss Anuforo's petition to the extent it challenges the IJ's and BIA's underlying removal decisions, and otherwise deny the petition for review of the BIA's denial of his second motion to reopen his removal proceedings.

**PETITION DISMISSED IN PART; DENIED IN PART.**