[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13389
Non-Argument Calendar

_____

Agency No. A201-341-454

RENE ASTUL LOPEZ-PORTILLO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 6, 2021)

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Rene Lopez-Portillo petitions for review of an August 2020 Board of Immigration Appeals (BIA) order. In that order, the BIA denied his motions to reconsider, reopen, and sua sponte reopen a March 2020 BIA decision denying cancellation of removal pursuant to the Immigration and Nationality Act (INA) § 240A(b)(1), 8 U.S.C. § 1229b(b)(1). Lopez-Portillo argues that the BIA applied the wrong legal standards in denying him relief, engaged in impermissible factfinding, erred in deciding not to sua sponte reopen his case, denied him due process, and did not give his arguments or evidence reasoned consideration.

The INA limits our review of the petition. *See* INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). In part, Lopez-Portillo's petition directly challenges the March 2020 order or otherwise implicates the discretionary-review bar, so we dismiss his petition to that extent. While Lopez-Portillo also raises legal and constitutional claims—which we can review—those claims do not have merit, so we otherwise deny the petition.

I.

In May 2019, the Department of Homeland Security (DHS) served Lopez-Portillo, who is a native and citizen of El Salvador, with a notice to appear. DHS alleged that he had entered the United States without being admitted or paroled and charged him as removable pursuant to INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). Lopez-Portillo conceded removability and applied for

cancellation of removal.[1] In relevant part, he stated in his application that his removal would cause a substantial hardship to his children, who are U.S. citizens.

At his hearing, Lopez-Portillo testified to the following: He has been in the United States since 2005 and is his family's sole breadwinner. His nine-year-old daughter was born with a hip problem that affects her feet and ankles, causes her pain, and requires her to walk abnormally. His son was diagnosed with eczema at birth, which requires special care when bathing and the use of medicated soap and shampoo because his skin itches and bleeds. While Lopez-Portillo was detained, his son started acting out and his eczema worsened; both children were diagnosed with adjustment disorders and were struggling. His daughter understands Spanish and English, but his wife only speaks Spanish and his son does not speak Spanish, so his daughter often has to translate between them. He does not believe he would be able to care for his children's needs if they went with him to El Salvador.

Lopez-Portillo's sister and friend each testified about how the children had been affected by his detention and how he was needed at home with them. Lopez-Portillo presented evidence that women did not have equal pay or equal

---

[1] The Attorney General can cancel the removal of a non-lawful permanent resident who: (1) has been physically present in the United States for a continuous period of at least ten years immediately preceding the date of the application; (2) has been a person of good moral character during that period; (3) has not been convicted of an offense under INA §§ 1182(a)(2), 1227(a)(2), or 1227(a)(3); and (4) establishes that his removal would result in exceptional and extremely unusual hardship to a qualifying relative, including a U.S. citizen child. INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).

employment opportunities in El Salvador and that the country was dangerous. Also, he showed there was poor healthcare in El Salvador, particularly in comparison to the private health insurance he had obtained through his job in the United States.

In an oral decision, the immigration judge (IJ) granted Lopez's application for cancellation of removal. The IJ found substantial hardship based in part on the son's medical condition and the fact that the son does not speak the same language as his mother. Also, because Lopez-Portillo is the sole breadwinner for the family, his removal could result in the children becoming public charges and facing exceptional and extremely unusual hardship. Alternatively, the IJ found that, if the children followed Lopez-Portillo to El Salvador, they would be living in a country where they would not understand the language, have no ties, and where their family earnings would be significantly less. Thus, the IJ found that the situation justified the discretionary relief of cancellation.

DHS appealed to the BIA. Lopez-Portillo opposed the appeal and moved to admit new evidence, including a letter from the family's therapist about the son and mother's language barrier and a scholarly article about the mental health effects on immigrant children of having to learn two languages.

In March 2020, the BIA sustained DHS's appeal and vacated the IJ's grant of cancellation. Reviewing the IJ's factual findings for clear error and all other

issues de novo, the BIA determined that the "evidence does not establish that [the family's] hardship is different from, or beyond, that which would normally be expected to result" from removal. Accordingly, the hardship did not rise to the level that warrants cancellation. The BIA ordered Lopez-Portillo removed. Lopez-Portillo did not petition for review of the March 2020 order.

In April 2020, Lopez-Portillo moved for reconsideration of the March 2020 order and requested a stay of deportation. In May 2020, he moved to reopen his case based on new and previously unavailable evidence. The new evidence included that his son had newly been diagnosed with a respiratory disorder, information about the effect of removal on children's mental health, evidence of poor medical care in El Salvador, and more evidence about the language barrier between his son and his wife. He again requested that the BIA sua sponte reopen his case.

The BIA denied Lopez-Portillo's motions and request for a stay in an August 2020 decision. Lopez-Portillo filed this petition for review.

## II.

The INA guides our review. We generally have jurisdiction to review final orders of removal. *See* INA § 242(a)(l), (b)(9), 8 U.S.C. § 1252(a)(l), (b)(9); *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005) (per curiam). A petitioner has 30 days from the date of the final order of removal to file a

5

petition for review with us. INA § 242(a)(1), (b)(1); 8 U.S.C. § 1252(a)(1), (b)(1).

An order of removal becomes final when the BIA affirms it or when the time to

appeal it expires, whichever is earlier. INA § 101(a)(47)(B), 8 U.S.C.

§ 1101(a)(47)(B). The 30-day deadline to file a petition for review is mandatory,

jurisdictional, and not subject to equitable tolling. *Dakane v. U.S. Att'y Gen.*, 399

F.3d 1269, 1272 n.3 (11th Cir. 2005) (per curiam). The deadline is not tolled by the

filing of a motion to reopen or reconsider. *Id.*

However, the INA strips us of jurisdiction to review discretionary judgments

regarding petitions for cancellation of removal. INA § 242(a)(2)(B)(i), 8 U.S.C.

§ 1252(a)(2)(B)(i). In these cases, we only have jurisdiction to review

"constitutional claims or questions of law." INA § 242(a)(2)(D), 8 U.S.C.

§ 1252(a)(2)(D). Such a claim must be colorable; "a party may not dress up a claim

with legal or constitutional clothing to invoke our jurisdiction." *Patel v. U.S. Att'y*

*Gen.*, 971 F.3d 1258, 1272 (11th Cir. 2020) (en banc). In *Patel*, we established

"that we are precluded from reviewing any judgment regarding the granting of

relief under [8 U.S.C §§] 1182(h), 1182(i), 1229b, 1229c, or 1255 except to the

extent that such review involves constitutional claims or questions of law." *Id.* at

1262 (alteration in original) (quotation marks omitted).

When a motion to reopen implicates the denial of discretionary relief as to

the underlying order, the jurisdictional bar from the INA applies and we cannot

6

review the denial of the motion to reopen. *Guzman-Munoz v. U.S. Att'y Gen.*, 733 F.3d 1311, 1314 (11th Cir. 2013) (per curiam). Similarly, if a petitioner did not raise any questions of law or constitutional issues, we lack jurisdiction to review BIA orders denying a motion to reconsider. *Butalova v. U.S. Att'y Gen.*, 768 F.3d 1179, 1184–85 (11th Cir. 2014) (per curiam).

While the BIA "may at any time reopen or reconsider a case in which it has rendered a decision on its own motion," 8 C.F.R. § 1003.2(a), the decision to refuse to reopen removal proceedings sua sponte is "committed to agency discretion by law." *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293–94 (11th Cir. 2008). Accordingly, such decisions are not reviewable.

As an initial matter, we must decide the extent of our jurisdiction over Lopez-Portillo's petition. He did not timely petition for review of the March 2020 order, so we cannot review that order. *See* INA § 242(a)(1), (b)(1); 8 U.S.C. § 1252(a)(1), (b)(1). As for the August 2020 order, because it involves challenges to the denial of the discretionary relief of cancellation of removal, we may only review Lopez-Portillo's claims to the extent he has raised a colorable legal or constitutional claim. *See Patel*, 971 F.3d at 1272.[2] We similarly lack jurisdiction

---

[2] Lopez-Portillo attempts to raise a due process claim but the claim is not colorable. Failing "to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." *Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 548 (11th Cir. 2011) (per curiam); *see also Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008) (the denial of a motion to reconsider and motion to reopen are discretionary decisions that cannot support a due process claim). Accordingly, this claim fails.

over the BIA's decision not to sua sponte reopen his case. Thus, we dismiss Lopez-Portillo's claims over which we lack jurisdiction.

### III.

Nevertheless, Lopez-Portillo raised two claims that we may review: (1) whether the BIA applied incorrect legal standards in its decision to deny his motions and (2) whether the BIA failed to give reasoned consideration to his arguments and evidence. These are both questions of law. *Jeune v. U.S. Att'y. Gen.*, 810 F.3d 792, 799 (11th Cir. 2016); *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018). Our review is limited to these arguments; we cannot review the underlying merits of whether Lopez-Portillo's motions should have been granted.

One may file a motion to reconsider the prior decision or to reopen proceedings after entry of a final order of removal. INA § 240(c)(6), (7), 8 U.S.C. § 1229a(c)(6), (7). The BIA will typically not grant a motion to reconsider based on a legal argument that was previously available, but reconsideration may be warranted based on a previously-raised argument that the BIA did not address in its prior decision. *In re O-S-G-*, 24 I. & N. Dec. 56, 58 (BIA 2006).

A "motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(B); 8 U.S.C. § 1229a(c)(7)(B). Reopening

8

"may be warranted only where the movant presents evidence that is new, material, and unavailable when the removal order was entered." *Lin*, 881 F.3d at 872 (emphasis omitted). The movant "bears a heavy burden" in showing the evidence is material and must show that "the new evidence would likely change the result." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256–57 (11th Cir. 2009).

When reviewing an IJ's decision, the BIA cannot engage in factfinding; it reviews an IJ's findings of fact only for clear error. 8 C.F.R. § 1003.1(d)(3)(i). But the BIA reviews "questions of law, discretion, and judgment and all other issues" de novo. *Id.* § 1003.1(d)(3)(ii). Accordingly, the BIA can consider de novo whether the IJ's facts qualify the petitioner for relief. *Zhou Hua Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1312 (11th Cir. 2013).

In reviewing a petitioner's appeal, the BIA must give reasoned consideration to the arguments and evidence, but need not individually address each argument or piece of evidence. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1232 (11th Cir. 2013) (per curiam). When reviewing for reasoned consideration, "we inquire only whether the [BIA] considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to" know they were considered. *Id.* (quotation marks omitted) (alterations adopted). To meet this burden, the BIA must discuss "highly relevant" evidence. *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1334 (11th Cir. 2019). The BIA fails to give reasoned consideration when it "misstates

9

the contents of the record, fails to adequately explain its rejection of logical conclusions, or provides justifications for its decision which are unreasonable." *Lin*, 881 F.3d at 874.

The BIA did not err here. First, in its August 2020 order, the BIA cited and applied the correct standards of review for analyzing motions to reconsider and reopen. The BIA did not engage in impermissible factfinding in the August 2020 order because it discussed the facts as found by the IJ and why those facts collectively were not enough to warrant relief. The BIA did not make any further factual findings itself. In doing so, the BIA properly recognized its ability to de novo determine whether the IJ's facts satisfy the legal standard. Whether the BIA engaged in improper factfinding in its March 2020 order is not reviewable here because Lopez-Portillo did not appeal that order.

As for the evidence Lopez-Portillo provided with the motions, the BIA properly recognized that some of the "new" evidence was not new (it was already in the record). Otherwise, Lopez-Portillo failed to explain why the evidence was new or previously unavailable, so the BIA did not err in finding it was not required to consider it. *See Lin*, 881 F.3d at 873. As for the new medical evidence, the BIA considered it, but found it insufficient to justify reopening the case. We lack jurisdiction to review the underlying merits of that conclusion because it implicates discretionary relief. *See Butalova*, 768 F.3d at 1184.

10

Second, the BIA gave reasoned consideration to Lopez-Portillo's arguments. The BIA was not required to individually mention each argument or piece of evidence submitted. The decision shows that the BIA considered his claims: it cited precedential decisions, demonstrated familiarity with the record, and compared the facts of other cases to the facts of Lopez-Portillo's case to reach its conclusions. The BIA properly recognized that Lopez-Portillo raised the same arguments in the motion to reconsider that he had already raised in his appellate brief; it was not required to grant his motion when he failed to raise a new argument. The BIA addressed and rejected Lopez-Portillo's new arguments, including whether they had engaged in impermissible factfinding. The BIA also considered his new evidence, finding that some of it was not new and the rest was insufficient to change their determination. The BIA did not mischaracterize his arguments, misapply precedent, or fail to adequately explain the decision.

To the extent that we can review Lopez-Portillo's petition, we are unable to grant relief because the BIA did not err. We therefore deny Lopez-Portillo's claims that were not dismissed as jurisdictionally barred.

**DISMISSED IN PART AND DENIED IN PART.**

11