[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-10403

Non-Argument Calendar

_____

KEVIN EDWARDS,
a.k.a. Edwards Urighre,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A075-002-549

_____

_____

No. 20-13186

Non-Argument Calendar

_____

KEVIN EDWARDS,
a.k.a. Edwards Urighre,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A075-002-549

_____

Before NEWSOM, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Kevin Edwards, a non-citizen of the United States proceeding *pro se*, seeks review of the Board of Immigration Appeals' dismissal of his direct appeal from the denial of a petition for cancellation of removal. He also seeks review of the Board's denial of a motion to reopen his proceedings. Edwards argues that his notice to appear incorrectly alleged that he was a citizen of the Netherlands Antilles, which no longer exists. He also argues that his counsel was ineffective. Finally, Edwards claims that the Board should have *sua sponte* reopened his case because it would be "exceptional" for him to be removed to a country where he lacks any substantive ties, especially in the light of the "strong equities" in his favor. Because we lack jurisdiction over any of Edwards's claims, we deny his consolidated petition.

## I.    BACKGROUND

In 2019, Edwards was served with a notice to appear alleging that he was: (1) a native and citizen of the Netherlands Antilles; (2) admitted to the United States as a lawful permanent resident in Orlando, Florida, on May 16, 2000; and (3) convicted in May 2017 of trafficking in a controlled substance. Edwards conceded removability under 8 U.S.C. § 1227(a)(2)(B) and filed an application for cancellation of removal under 8 U.S.C. § 1229b(a) as a defense.

Edwards's application stated that he had been a lawful permanent resident for five or more years, had continuously resided in the United States for seven years, had not been convicted of an aggravated felony, and that his case merited a favorable exercise of

discretion. His application designated St. Martin, British Virgin Islands, as his place of birth and the Netherlands Antilles as his place of nationality and citizenship. The application also listed several criminal offenses, including two convictions on controlled substance charges in 2006 and 2007. Lastly, Edwards attached a letter confirming his enrollment at a Florida middle school between 2000 and 2002.

At Edwards's hearing, he testified that he was "from Saint Martin, British Virgin Islands" and responded "[y]es, sir," when asked if that was the Netherlands Antilles. His mother, Ramona Covington Urighre, testified about his character and role in her life. Urighre testified through an interpreter. When asked if Edwards ever lived in the Dominican Republic, Urighre testified that she "sent him when he was nine years old and he was there for three years and then [she] brought him back." She further stated that "the last time that [Edwards] ever traveled he was 14 years old." Urighre's testimony appeared to place Edwards in the Dominican Republic between 1996 and 2000. The government argued that if Edwards was admitted into the United States on May 16, 2000, any controlled substance charge filed before May 16, 2007, would have rendered him removable and cut off the seven-year clock for continuous residence, making him statutorily ineligible for cancellation of removal. On that ground, the government requested the pretermination of Edwards's application.

Edwards, through counsel, filed a memorandum arguing that his controlled substance offenses did not affect his eligibility

for cancellation of removal. The memorandum contended that Edwards was admitted into the United States in October 1996 and had maintained continuous physical presence since that date. Edwards attached portions of his passport to the memorandum, including stamps showing him leaving St. Martin and entering the Dominican Republic on September 11, 1996, entering the United States a month later, and receiving temporary lawful permanent resident status on May 16, 2000. Edwards entered the Dominican Republic again on June 18, but left shortly afterward on August 26. He also submitted a letter stating that he entered the United States in 1996, flew to St. Thomas in the U.S. Virgin Islands to attend elementary school, and only traveled to the Dominican Republic for two months in 2000.

The immigration judge issued an order pretermitting Edwards's application. The order determined that Edwards failed to establish seven continuous years of residence. First, the order explained that Edwards's period of continuous residence ended on, at latest, May 9, 2007, when two controlled substance convictions rendered him removable under Section 1127(a)(2)(B)(i). Second, it concluded that Edwards failed to show continuous physical presence in the United States from his first date of lawful admission in October 1996. The immigration judge noted the apparently conflicting testimony of Edwards and his mother as to his international travels, finding his mother's testimony credible. "Given the absence of documents establishing [Edwards's continuous physical presence] since October 10, 1996, and the conflicting testimony of

[Edwards's mother] regarding [his] departure from the United States for over three years," the immigration judge held that Edwards had not carried his burden to establish continuous residence since 1996. Instead, he used Edwards's next earliest date of lawful admission, May 16, 2000. Because Edwards became removable at least seven days before the seven-year requirement was met, he was statutorily ineligible for cancellation of removal. As a result, Edwards was ordered to be removed to the Netherlands Antilles.

Edwards filed a counseled motion for reconsideration explaining that he had received a letter from the Virgin Islands Department of Education confirming his enrollment and presence in the United States in 1996. The motion acknowledged Edwards's mother's testimony but alleged that his time in the Dominican Republic occurred "before he came to the United State[s] and before he became a [l]awful [p]ermanent [r]esident." Edwards attached the abovementioned letter, which stated that he attended school in the Virgin Islands during the 1995-96 and 1997-98 school years. He also submitted an affidavit from his mother stating that she took him back and forth between the Dominican Republic and St. Martin for three years beginning in 1988. The immigration judge denied Edwards's motion, both as a motion to reconsider and as a construed motion to reopen. He reasoned that, because Edwards had not alleged an error of fact or law based on the record as it existed or presented new or previously unavailable evidence that would change the result of his case, neither reconsideration nor reopening was proper.

Edwards, now proceeding *pro se*, appealed, arguing that the immigration judge erroneously concluded that he had failed to establish seven years of continuous residence. He claimed that his attorney "did not provide proper attention" to the issue of his statutory eligibility for cancellation of removal and argued that he did not obtain additional evidence earlier because his attorney told him that such evidence was unnecessary. Edwards also alleged that his mother's interpreter misinterpreted her during the hearing, erroneously suggesting that Edwards had traveled to the Dominican Republic when he was nine years old when in fact it occurred when he was nine months old.

The Board dismissed Edwards's appeal. It determined that the immigration judge "properly concluded that [Edwards] did not establish . . . continuous residence in the United States from the date of his first lawful admission on October 10, 1996, but rather . . . only established such residence from the date of his second lawful admission, on May 16, 2000." The Board declined to consider Edwards's mother's affidavit as evidence submitted on appeal and explained in the alternative that the affidavit would not create clear error. Similarly, the Board determined that Edwards's allegations of mistranslation were "not sufficient to establish that the translation was erroneous" and that he could not show clear error "in the [i]mmigration [j]udge's ultimate conclusion" regardless. Finally, the Board declined to consider Edwards's allegations of ineffective assistance of counsel because he failed to comply with the procedural requirements for making such a claim. The Board added that

even if Edwards had satisfied the procedural requirements, he had still failed to show prejudice based on the alleged ineffective assistance. After the Board issued its decision, the Department of Homeland Security submitted a request for an amended order of removal to France or the French Antilles based on Edwards's French passport.

Armed with new counsel, Edwards moved to reopen his proceedings. He argued that the Board should reopen based on newly available evidence, the ineffective assistance of counsel, and the fact that Edwards was ordered removed to the Netherlands Antilles, a country that no longer exists and of which he was not a citizen or national. In the alternative, he argued that the Board should exercise its *sua sponte* reopening authority. Edwards argued that his initial counsel was ineffective based on (1) admitting to the wrong country of citizenship; (2) ineffectively arguing the date of his entry into the United States; (3) failing to argue the immigration judge's acceptance of his mother's misinterpreted testimony; (4) failing to file his full passport or argue based on the portions of the passport that were filed; and (5) improperly moving to reconsider when the necessary filing was a motion to reopen. He also stated that he had satisfied the procedural requirements for reopening based on ineffective assistance of counsel. Edwards attached several exhibits, including a copy of his full French passport. The passport expired in 1999 and contained stamps from the Dominican Republic in 1996 and 2000.

The Board issued a decision denying Edwards's motion to reopen. On the issue of newly available evidence, the Board explained that Edwards failed to show that the evidence "was previously unavailable or could not have been discovered" before his hearing or the immigration judge's decision. Next, the Board assumed that Edwards had satisfied the procedural requirements to bring an ineffective assistance of counsel claim. But even so, any such claim failed for inability to establish that "absent any alleged ineffectiveness of prior counsel, . . . [Edwards] would be eligible for [cancellation of removal]." The Board explained that even assuming Edwards could establish seven years continuous physical presence, his motion did not address the other statutory eligibility requirements or explain why discretionary cancellation of removal was proper given his "lengthy criminal history in the United States." The Board also explained that the Department of Homeland Security had requested an alternative order of removal targeting France rather than the Netherlands Antilles. Lastly, the Board declined to *sua sponte* reopen Edwards's proceedings.

Edwards filed two timely *pro* se petitions for review with this Court, one challenging the Board's initial dismissal of his appeal and another challenging its denial of his motion to reopen. The two petitions have since been consolidated.

## II.    STANDARDS OF REVIEW

We review our jurisdiction *de novo*, *Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 866 (11th Cir. 2018), and consider jurisdictional issues

*sua sponte*, *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1272 n.17 (11th Cir. 2020) (en banc), *cert. granted*, 141 S. Ct. 2850 (2021). We review the Board's decision as the final judgment unless it expressly adopted the immigration judge's decision. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010).

### III.    DISCUSSION

The government argues that we lack jurisdiction to consider Edwards's claims. We agree.

The Immigration and Nationality Act strips the federal courts of jurisdiction to review "any judgment regarding the granting of" an application for cancellation of removal under Section 1229b of the Act. 8 U.S.C. §§ 1229b, 1252(a)(2)(B)(i). Similarly, the Act's criminal jurisdiction bar provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [Section 1227(a)(2)(B) of the Act] . . . ." 8 U.S.C. § 1252(a)(2)(C). Section 1227(a)(2)(B) provides that "[a]ny alien who . . . has been convicted of a violation of . . . any law . . . of a State . . . relating to a controlled substance (as defined in [S]ection 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable." 8 U.S.C. § 1227(a)(2)(B)(i). Because Edwards petitions for review of Board decisions relating to his application for cancellation of removal and conceded removability under Section 1227(a)(2)(B), both jurisdictional bars apply.

Despite the abovementioned statutory bars, we retain jurisdiction over constitutional claims and questions of law raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D). But our jurisdiction under Section 1252(a)(2)(D) extends only to "colorable" claims. *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007) (quoting *Saloum v. U.S. Citizenship and Immigr. Servs.*, 437 F.3d 238, 243 (2d Cir. 2006)). That is to say, "a [petitioner] may not dress up a claim with legal or constitutional clothing to invoke our jurisdiction." *Patel*, 971 F.3d 1258 at 1272. Instead, "the claim must have some possible validity." *Arias*, 482 F.3d at 1284 n.2 (quoting *Mehilli v. Gonzales*, 433 F.3d 86, 93–94 (1st Cir. 2005)).

We begin by liberally construing Edwards's *pro se* filings. Having done so, we address each of his arguments as applied to both the Board's initial dismissal of his appeal and its later denial of his motion to reopen. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Even so, we conclude that we lack jurisdiction to consider any of his claims.

### A.    *Newly Available Evidence*

Edwards's first argument is that the Board, either reviewing the immigration judge in the first instance or directly on his later motion to reopen, should have reopened his case based on newly available evidence. That evidence includes a full copy of his passport, letters from various schools showing his enrollment, and affidavits from Edwards's mother explaining what he alleges was a

mistranslation during the hearing. We lack jurisdiction to consider this claim.

Although we would ordinarily review the denial of a motion to reopen for abuse of discretion, *Sow v. U.S. Att'y Gen.*, 949 F.3d 1312, 1317 (11th Cir. 2020), "[w]hen we lack jurisdiction to consider an attack on a final order of removal, we also lack jurisdiction to consider an attack by means of a motion to reopen," *Butalova v. U.S. Atty. Gen.*, 768 F.3d 1179, 1183 (11th Cir. 2014). Because we lack jurisdiction to review the underlying judgment based on Sections 1252(a)(2)(B)(i) and 1252(a)(2)(C), we similarly lack jurisdiction to review a motion to reopen unless the petitioner makes out a colorable legal or constitutional claim. *See e.g.*, *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016) (explaining that an allegation that the Board applied an incorrect legal standard is a question of law sufficient to invoke our jurisdiction). Edwards has made out no such claim, even construing his filings liberally. Thus, we lack jurisdiction.

## B.    *Ineffective Assistance of Counsel*

Edwards next argues that he received ineffective assistance of counsel such that the Board should have either reversed the immigration judge's denial of his motion to reopen or granted reopening itself on his later direct request. Just as we concluded above, we find that we lack jurisdiction over this claim. Although the Board briefly addressed Edwards's ineffective assistance claim in its decision denying his motion to reopen, it did so only to explain that

Edwards could not show prejudice because the relief that he ultimately sought, cancellation of removal, was discretionary. The Board specifically pointed to Edwards's criminal history in the United States, his failure to address the remaining statutory eligibility requirements for cancellation of removal, and his inability to provide any reason why discretionary cancellation of removal would be merited on reopening given his extensive criminal record. Because the Board's only discussion of ineffective assistance was rooted in the fact that Edwards sought purely discretionary relief, we lack jurisdiction to review the issue. *See Alvarez Acosta v. U.S. Atty. Gen.*, 524 F.3d 1191, 1196–97 (11th Cir. 2008) ("garden-variety abuse of discretion argument[s]—which can be made by virtually *every* alien subject to a final removal order—do[] not amount to a legal question under [8 U.S.C. § 1252(a)(2)(D)]").

C.      *The Order to Remove Edwards to the Netherlands Antilles*

We next construe Edwards's filings to argue that the Board should have reversed or reopened based on the immigration judge's order that Edwards be removed to the Netherlands Antilles, a country that no longer exists and of which Edwards is not a citizen or national. The Board's limited discussion of the issue simply explained that the Department of Homeland Security requested an alternative order of removal to France or the French Antilles, which matched the French passport Edwards provided during his removal proceedings. The relevant section of the Act provides that Edwards may be ordered removed to a country to which he is a citizen, subject, or national, or in which he was born.

*See* 8 U.S.C. § 1231(b)(2)(B), (C), (D). The mere fact that Edwards was ordered removed to the Netherlands Antilles, which appeared to be a valid country of removal based on his testimony and application for cancellation of removal, does not make out a colorable legal claim where evidence of a request for a valid alternative removal order is present in the record.

### D.    The Board's Decision Not to Sua Sponte Reopen

Edwards's final argument is that the Board improperly declined to *sua sponte* reopen his case. We have consistently held, however, that we generally lack jurisdiction to review an agency's decision not to invoke its *sua sponte* reopening authority. *See Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1285-86 (11th Cir. 2016) (citing *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293-94 (11th Cir. 2008)). And although *Butka* and *Lenis* contemplate jurisdiction to review constitutional claims related to the Board's exercise of its *sua sponte* reopening authority, *see Lenis*, 525 F.3d at 1294 n.7; *Butka*, 827 F.3d at 1285–86, Edwards's filings, even construed liberally, present no such claims. Instead, Edwards focuses on the "exceptional" nature of his case and the "strong equities" that favor his claim. Such arguments do not make out a constitutional claim sufficient to invoke our jurisdiction.

**PETITION DENIED.**